**Shelley D. Russell**, OSB № 94068
shelley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAWYERS**
500 Plaza West, 9600 SW Oak Street
Portland, OR 97223
Telephone: 503.293.5770
Telefax:   503.293.5766
    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **JESSICA L. BARTLETT**, | Civil No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Sexual Discrimination and Retaliation, Title VII of the Civil Rights Act of 1964 as amended; ORS 659A.030; ORS 654.062,Wrongful Discharge) |
| **GUNDERSON, INC.,** an Oregon corporation, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

### NATURE OF THE ACTION

1.  This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices, to vindicate plaintiff's rights and the rights of other female employees to work in environments free from sexual harassment and discrimination, and to make plaintiff whole.  Defendant engaged in a pattern and practice of creating and maintaining a sexually harassing and hostile work environment amounting to employment discrimination and retaliated against plaintiff for complaining and resisting such environment.  Plaintiff also seeks injunctive relief.

2.  This is also an action for violation of Oregon state discrimination law, ORS 659A.030, and Oregon State common-law pursuant to the court's supplemental jurisdiction.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5.

4. The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state actions are so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5. The employment practices alleged herein were committed in the District of Oregon.

## PARTIES

6. Plaintiff **JESSICA L. BARTLETT** is an individual resident and citizen of Oregon and, at all material times, was an employee of defendant.

7. At all material times defendant **GUNDERSON, LLC,** is an Oregon corporation engaged in the business of building rail cars.

## PROCEDURAL REQUIREMENTS

8. Plaintiff filed charges of unlawful employment practices with the Oregon Bureau of Labor and Industries, Civil Rights Division ("CRD"), and complaints with the Equal Employment Opportunity Commission ("EEOC") raising the issues complained of herein.

9. All administrative prerequisites to filing this action have been timely satisfied.

## FACTUAL ALLEGATIONS

10. Plaintiff is female.

11. Defendant hired plaintiff on July 7, 1999, as a crane operator.

12. Plaintiff was one of only four female crane operators who worked day shift for defendant.

13. Defendant subjected plaintiff to different treatment on the basis of gender.

14. Throughout her employment, plaintiff was subjected to the following treatment that was different from her male colleagues:

   a. Defendant reprimanded plaintiff for taking too many bathroom breaks, but did not reprimand the male employees for the number of bathroom breaks they took.

   b. Males employees were not given written warnings when their cranes crashed into plaintiff's.

   c. Male employees were not subjected to drug and alcohol testing after crashing into plaintiff's crane, while plaintiff was subjected to drug and alcohol testing after the same incident.

   d. Male employees were not reprimanded for violations of company policy.

15. On or about November 3, 2005, plaintiff reported OHSA issues to defendant's Material Handling Leadman, Bennie James, and/or Mike Browning, including, but not limited to:

   a. Employees' failure to stop welding when crane operators were working on their rail cars, causing the crane operators to experience "arc flash";

   b. Employees' failure to move out of the way of the crane.

16. Approximately 15 minutes following her report, plaintiff was placed on suspension for allegedly taking too long on her bathroom break.

17. On or about November 4, 2005, plaintiff reported the issues listed in paragraph 15 above to OR-OHSA.

18. On or about November 9, 2005, plaintiff's employment was terminated.

19.   On or about November 10, 2005, plaintiff received written notification from OR-OHSA that her complaint was filed.

## FIRST CLAIM FOR RELIEF

### (Violations of 42 U.S.C. § 2000e-17)

20.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 17 as though fully set forth herein.

21.   Plaintiff was subjected to discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

22.   Defendant's acts constitute a pattern and practice of sexually discriminatory conduct, which should be permanently enjoined by the court's entry of an injunction prohibiting such conduct in the future.

23.   Plaintiff is entitled to a declaration that defendant's discriminatory acts and failure to remedy the discrimination to which plaintiff was subjected were in violation of Title VII.

24.   As a result of the unlawful actions alleged herein, plaintiff suffered and continues to suffer severe emotional distress, mental pain and anguish, humiliation, and loss of enjoyment of life.  Plaintiff is entitled to noneconomic compensatory damages sufficient to compensate her for her emotional pain and suffering and other non-economic losses, in the amount of $300,000, or in such amount as may be awarded by a jury or as otherwise limited by law.

25.   As a result of the unlawful actions alleged herein, plaintiff has suffered economic damages.  Plaintiff is entitled to recover her lost wages and benefits of employment, past and future, other economic losses, and other incidental expenses incurred in connection with her injuries caused by the actions alleged herein.

26.   Plaintiff also is entitled to be reinstated to her position, or awarded an appropriate amount in lost future wages and lost earning capacity if reinstatement is not feasible.

CRISPIN EMPLOYMENT LAWYERS
500 Plaza West, 9600 SW Oak Street
Portland, Oregon 97223-6585
Telephone: 503.293.5770

27. Defendant's acts were done intentionally with an improper, abusive, discriminatory motive, and with reckless indifference to plaintiff's state and federally protected rights. Such conduct should not be tolerated by this society, and punitive damages as fixed by a jury and available under applicable law, should be awarded to punish defendants and deter such conduct in the future.

28. Plaintiff is entitled to an award of reasonable attorney fees and costs, and expert witness fees incurred herein, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k).

### SECOND CLAIM FOR RELIEF

### (Violations of ORS 659A.030)

29. Plaintiff incorporates by reference the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. Defendant's discrimination on the basis of gender as alleged herein constitutes an unlawful employment practice in the terms and conditions of plaintiff's employment for which plaintiff should recover pursuant to ORS 659A.030.

31. Plaintiff is entitled to recover from defendant her reasonable attorney fees and costs, and expert witness fees pursuant to ORS 659A.885(1) and ORS 20.107.

### THIRD CLAIM FOR RELIEF

### (Violation of ORS 654.062(5)(a)-(c) and 659A.820)

32. Plaintiff incorporates by reference the allegations of paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff protested and complained to defendant about the unsafe working conditions existing at defendant's workplace.

34. Defendant terminated plaintiff's employment as set forth herein, which termination was motivated in substantial part due to plaintiff's complaints and protests over defendant's workplace safety violations, and was in violation of ORS 654.062(5)(a)-(c). Plaintiff is entitled to all appropriate remedies as set forth herein.

### FOURTH CLAIM FOR RELIEF

### (Wrongful Termination)

35. Plaintiff incorporates by reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff's termination, as set forth herein, was motivated in substantial part by her pursuit of a right related to her role as an employee, which right is one of important public interest, *i.e.,* her good faith opposition and resistance to defendant's discriminatory acts, and in violation of a duty imposed upon defendant by an established public policy.

37. Plaintiff is entitled to all appropriate remedies as set forth herein in addition to attorney fees pursuant to ORS 20.107.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1. Assume jurisdiction over each of the causes set forth herein.

2. Grant a permanent injunction enjoining defendant, its owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with defendant, from engaging in any employment practice which discriminates on the basis of sex, on such terms as the court may direct.

3. Order defendants to carry out and institute policies, practices and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the court may direct.

4. Order defendants to make plaintiff whole by compensating her for past and future pecuniary losses, including expenses, lost past and future earnings and benefits of employment, and such other losses as are proved at trial.

5. Order defendants to pay plaintiff an award of compensatory damages for nonpecuniary losses, including physical and emotional injury, pain and suffering, mental anguish, humiliation, and embarrassment, and loss of enjoyment of life

      6.      Order defendants to pay plaintiff an award of punitive damages.

      7.      Award plaintiff her costs of suit and her reasonable attorney fees, costs and expert witness fees pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and ORS 659A.885.

      8.      Order defendants to pay prejudgment and postjudgment interest, as appropriate, on all amounts due to plaintiff as a result of this action.

      9.      Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

CRISPIN & ASSOCIATES

By: _____
Shelley D. Russell, OSB № 94068
Telephone: 503.293.5767
Of Attorneys for Plaintiff